JOHN PARKER, Respondent, v. MISSOURI, PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 29, 1912.

RAILROADS: Personal Injury: Evidence. Three employees were engaged in repair of a railway track by cutting off a part of an iron splice fourteen inches long and four inches wide, with a chisel and maul. Plaintiff held one end of the splice on an iron surface, while one of his companions held the other end with one hand and the chisel with the other, while the remaining man struck with the maul. The man holding the

chisel allowed his attention to be drawn from it by looking away and this caused the chisel to become unsteady, which caused the maul to hit it in a glancing way and to be deflected onto plaintiff's hand, cutting off his thumb. It was held that plaintiff had a cause of action.

Appeal from Buchanan Circuit Court.—*Hon. William D. Rusk,* Judge.

AFFIRMED.

*Robert T. Railey* and *Ben J. Woodson* for appellant.

*Mytton & Parkinson* for respondent.

ELLISON, J.—Plaintiff is an employee of defendant and his action is for personal injury inflicted by one of defendant's other servants. The verdict was for plaintiff in the sum of $1500, of which $500 was remitted and judgment entered for $1000.

It appears that plaintiff and two other servants of the defendant railway company were engaged in repairing the track by cutting off the corner of the shoulder of an iron splice about fourteen inches long, four inches wide at one end and three at the other. It was used as a brace or support in holding the rails. The cutting was done with a maul and chisel by laying the splice on an iron rail, plaintiff holding one end and one of his companions holding the other end with one hand and the chisel with the other, while the other companion struck the chisel with the maul. Plaintiff's case is founded on the charge that the companion holding the chisel became inattentive, looked away and allowed the chisel to "wobble" or become unsteady, whereby the descending maul struck it a glancing blow, causing the maul to deflect and strike plaintiff's hand, cutting or mashing off his thumb.

The evidence in plaintiff's behalf tended to support what we have stated and thereby made a case for

the jury. Defendant endeavors to show the injury resulted from a mere accident in the work; saying that the "accidental tremor" of the man's hand, by reason of holding the chisel too long, caused the unsteadiness of the chisel and the consequent glancing lick with the maul. But there was other evidence which, since the verdict of the jury, we must believe to be true, to the effect that at the time of the moving of the chisel the man holding it was looking away. The man himself denied this, but we must accept the other statement. The jury had a right· to attribute plaintiff's misfortune to that man's negligence, and the court, of course, had no right to say, as a matter of law, that there was no negligence.

Objection is made to plaintiff's first instruction in that it is argumentative and does not confine the negligence submitted therein to that charged in the petition. The objection is not well taken. It is properly drawn. It is true the petition charges negligence in holding the chisel and in striking with the maul, while the instruction is confined to the negligent holding of the chisel alone. Plaintiff was not compelled to submit all acts of negligence charged—some may be abandoned and some not proved and yet those having evidence to support them may be submitted.

The man who held the chisel was a witness for defendant, and on cross-examination he was asked if his act in letting the chisel "wobble" had not caused the maul to glance and strike plaintiff's hand. No objection was made to the question until after it was answered, which, of itself, is enough to cut out objection. The objection was that it called for a conclusion; but we think, coming in the connection it did and being on cross-examination, it was properly allowed.

We have no fault to find with the authorities cited by defendant, especially 1 White Personal Injuries on Railroads, secs. 390, 391 and 344, 345, but we do

not think them applicable to the facts as made to appear by plaintiff's testimony.

Since the plaintiff's remittitur, we can see no objection to the amount of the judgment. Finding ourselves without right to interfere, we affirm the judgment. All concur.